## No. 4349.

### Succession of Edmund Hogan.

Where there was no necessity for a citation, but where the plaintiff and opponent had been formally summoned by the defendant, to oppose his account as executor of a succession, if he thought proper, and to present his opposition within ten days;

Held—That said defendant could not invoke judicial action in the matter to the prejudice of plaintiff and opponent before the specified day had expired. Hence, the order of homologation having been rendered after three days delay only, was null, and no action of nullity is necessary to set it aside.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud, J. F. Gilmore*, for appellant. *M. A. Dooley*, for appellee.

Taliaferro, J. This is an appeal by the executor from two orders of the Second District Court, rendered during the proceedings in that court relating to the succession. One of these orders was on a rule taken by the opponent to the executor's account to have stricken out from the statement of his account various impertinent and irrelevant matters, consisting of a prolix narrative of the life and times of Edmund Hogan, interspersed with occasional episodes of objurgation toward the opponent and others, whom he suspects of feeling an interest in having him called to account for his administration of the succession.

The other order was rendered on a rule to show cause why a previous order of the court homologating the executor's account should not be rescinded, as having been prematurely and imprudently made.

In regard to the order first named, it directed the offensive and irrelevant matter to be stricken out; and by the second, the order homologating the account was annulled and set aside. From these orders or judgments of the court *a qua* the executor has appealed.

We think the ruling of the court correct in both cases. It is derogatory to legal proceedings to be incumbered with a useless mass of matter like that presented by the executor in this instance. Shrunk

to its essence, his "statement and account" is that he received $650 in money at Washington city belonging to Hogan's succession, and that this is all that he ever saw or heard of that belonged to it; that he spent $200 in going for and getting the $650 at Washington. He charges the estate three dollars per day for three hundred and twenty days spent by him in a vain and profitless search made in Louisiana, Texas and Mexico for property of Hogan's estate. This, with other charges, amounts to $1996. Giving credit for $650, he strikes a balance in his own favor of $1346. These figures occupy part of the last page of his account. The preceding eighteen pages were properly ordered by the court to be stricken out. They are mainly directed to showing why Hogan never had any property, and in detailing his various labors in pursuit of property said to have been left by him at his decease. The language he uses in reference to the opponent is reprehensible, and not permissible in proceedings in a court of justice. Equally unbecoming and out of place are his insinuations against a respectable and prominent member of a religious denomination, that he is conniving with the opponent to get money from the executor for the benefit of the religious order to which he belongs.

As to the order rescinding a previous one homologating the executor's account, the facts seem to be that the account was filed on the twenty-seventh of February, 1872. On the fifth of March following a citation was served upon the agent and attorney in fact of the heir to show cause within ten days from notification thereof why the executor's account should not be approved and homologated. On the ninth of March, on the motion of the executor's counsel, the account was homologated, the order of homologation reciting that due notice had been given, and that more than three days had elapsed and no opposition had been filed, etc. On the fourteenth of March, before the expiration of ten days from the day on which the notice was served upon the agent representing the heir, an opposition was filed by the agent. The defendant contends that the case is governed by the article 1004 of the Code of Practice, which requires the heirs to file their objections to the executor's account, if they have any, within three days from the rendering of the account; that there is no law that requires notice of the filing of the account; that the mistake of the clerk in issuing a notice under articles 1064 and 1065 of the revised Civil Code can not prejudice the rights of the defendant.

There was no necessity for a citation; but the plaintiff and opponent having been formally summoned by the defendant to oppose the account if he thought proper, and to present this opposition within ten days, the defendant could not invoke judicial action in the matter to the prejudice of the opponent before the specified delay expired. Then the order of homologation having been rendered after three

days' delay only was null, and no action of nullity was necessary to set it aside. 2 An. 493; 20 An. 75; ib. 68; 23 An. 298.

It is therefore ordered that the judgments appealed from be affirmed, the defendant and appellant paying costs of this appeal. It is further ordered that the case be remanded to the court of the first instance for further proceedings according to law.